The opinion of the court was delivered by
Mare, J.
Patrick McGuigin died in 1865, leaving a large estate, and* seven children, minors, issue of his marriage with their deceased mother. The executors of his will liquidated the succession expeditiously, and in October, 1865, they filed their final account, and turned over a large amount in money and property to Jules A. Florat, the tutor of the minors.
Shortly after he took possession of the effects, as tutor, having a. large sum in cash on hand, Florat obtained leave of court to invest it in real estate; and in December, 1865, he purchased, in the names of the-minors, two lots of ground, with the buildings and improvements, on Tchoupitoulas, between Poydras and Natchez streets, for $30,209.
One of the heirs, George McGuigin, attained his majority in 1871-In 1873 he gave his note to Mrs. Fitzpatrick for $300, which he failed to pay at maturity. She obtained judgment against him, and, under execution the sheriff seized and sold his interest in the succession of his deceased father and mother, adjudicated to Mrs. Fitzpatrick, and by judgment of the Second District Court, in March, 1875, Mrs. Fitzpatrick was recognized as subrogee of George McGuigin, and put in possession as owner of his share in the succession.
In July, 1875, George McGuigin sold to W. S. Benedict his title and' interest, one undivided seventh, in the property on Tchoupitoulas street,, which he declared was not included in the sheriff’s sale to Mrs. Fitzpatrick; and on the thirteenth November, 1875, Henry C. McGuigin,, another of the heirs who attained his majority, sold to Benedict his interest, one undivided seventh, in the same property.
On the twenty-seventh November, 1875, Mrs. Fitzpatrick, claiming to be the owner of one seventh, the share of George McGuigin, in the-succession, brought suit, in the Second District Court for a partition; and she made Henry C. McGuigin, and the minors McGuigin, represented by their tutor, parties.
*1338 On the same day Henry O. McGuigin brought suit, in the same court for a partition; and he made George McGuigin, the minors, and Mrs. Fitzpatrick and her husband parties.
On the third December, 1875, W. S. Benedict, claiming to be the owner of two-sevenths of the Tchoupitoulas-street property, brought suit in the same court for partition; and he made the minors and Mrs. Fitzpatrick and her husband parties.
On motion of Florat, tutor, these three suits were consolidated, and judgment was rendered recognizing the parties as joint owners of the property: decreeing a sale for partition; and “ reserving the antagonistic rights of all parties to be discussed in the partition of the mass.”
Benedict moved for a new trial, mainly on the ground that the court should have passed on the conflicting titles, and no valid sale could be made until they were passed upon. The court ordered a new trial in the suit of Benedict only, that is, with respect to the Tchoupitoulasstreet property alone; and in the suit of Benedict a judgment was rendered on the new trial, decreeing that this property be sold; and that the proceeds be held subject to the further order of the court.
Finally, in the suit of Benedict, a judgment was rendered in favor •of Mrs. Fitzpatrick, against W. S. Benedict, decreeing the purchase made by her at sheriff’s sale in February, 1875, to have included all the right and interest of George McGuigin in and to the undivided seventh of the Tchoupitoulas-street property; that the subsequent sale made by George McGuigin to Benedict, on the twenty-fourth July, 1875, was null and void owing to the previous sale of the same thing by the sheriff to Mrs. Fitzpatrick; “ and further decreeing Mrs. Fitzpatrick to be entitled, to the proceeds of said share in the partition had herein.”
Benedict appealed from this judgment; and no other part of the case or controversy is before us for review. When the new trial was granted, the case of Benedict, in the suit brought by him, was separated from the other suits ; a new trial was granted in his suit alone; a separate decree for the sale of the property, in which alone he was interested, was made; and the judgment appealed from was rendered in that suit between him and Mrs. Fitzpatrick alone, and it finally passed upon their respective rights and claims in and to the proceeds of that property alone. Our decree must be equally limited.
When the executors filed their final account, and the tutor took possession for the minors, of the entire residuum of the property and effects of the succession, the minors became co-proprietors; and the succession of Batrick McGuigin was closed.
When Florat, the tutor of the minors, by authority of the probate •court, on the advice of the family meeting, invested their money, not the money of the succession, in the Tchoupitoulas-street property, and *1339 took the title in the names of the minors, not in the name of the succession, the minors became co-proprietors of that property, as they were co-proprietors of the money with which it was purchased, and paid for.
Benedict demanded a partition of that property; he had no right or capacity to demand any thing more, since his claim was limited to two undivided sevenths of that property as the vendee of two of the co-proprietors who had attained their majority, and were sid juris. The rights of the minors to five undivided sevenths of that property were not questioned, nor in any way controverted; and the only controversy was on the conflicting claims of Benedict, plaintiff in that suit, and Mrs. Fitzpatrick, one of the defendants.
The jurisdiction of the Second District Court is exclusively probate. Constitution, article 83; and it has no power to entertain a question of title to real estate claimed by majors alone.
The property never belonged to the succession of Patrick McGuigin. It belonged to Paul Cook when Patrick McGuigin died; and it was purchased of Cook, in the names of the minors, who were his children and heirs, with money in the hands of their tutor, as an investment for them. Two of the children, who were minors at the time of the purchase, had attained their majority, and had disposed of their respective shares and interests in this property; so that it was no longer the property of minors alone; and it was not the partition of succession property, nor the partition of the property of minors alone, that Benedict demanded or had the right to demand.
The partition-of property which belongs in part to minors and in part to majors does not fall within the probate jurisdiction. It is not a probate case; it is an ordinary civil suit, between the co-proprietors, the object of which is to allot to each one of them his share and portion; and it belongs to the ordinary civil jurisdiction of the district courts. See Sevier vs. Gordon, 29 An. 440; Soye vs. Price, 30 An. 93; Woolfolk vs. Woolfolk, 30 An. 140; Boutté vs. Executors, 30 An. 182; Succession of Bayly, 30 An. 1032.
Mrs. Fitzpatrick excepted to Benedict’s petition, that she was in possession under her title; and that the validity of her title could not be inquired into otherwise than by a petitory action. This exception was overruled, “ reserving to her the right to plead the same on the merits.” A default was taken against her; and she answered, “reserving the benefits of her exception already filed, renewing the same for the purposes of this answer, to the petition of W. S. Benedict so far as it relates to George McGuigin, pleads the general issue.”
This plea went to the jurisdiction of the court, ratione materice. The question involved was purely one of title between two majors, *1340 claiming under one and the same major; and this question the Second District Court had no power or authority to entertain or pass upon. The court should have dismissed the suit on this exception; and when the case came up for final trial, the only issues were those made by the petition of Benedict, the exception renewed in the answer of Mrs. Fitzpatrick, and the general issue pleaded by her. Instead of determining the question of title between Benedict and Mrs. Fitzpatrick, her plea and exception should have been maintained, and the suit dismissed.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the suit of W. S. Benedict be dismissed for want of jurisdiction, and without prejudice to the right and title asserted by him, or to those set up and asserted by Mrs. Fitzpatrick, and that W. S. Benedict pay all the costs of this proceeding in this court and in the district court.